IN THE SUPERIOR COURT



**FILED**

March 13, 2020

TAMARA CHARLES
CLERK OF THE COURT

CIAL PUBLICATION

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) **CASE NO. SX-17-CR-174** |
| | ) **CASE NO. SX-17-CR-175** |
| **Plaintiff,** | ) **CASE NO. SX-17-CR-189** |
| | ) |
| v. | ) |
| | ) |
| **JERRIS T. BROWNE,** | ) |
| **GREGORY CHRISTIAN, and** | ) |
| **SYED GILANI,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Cite as: 2020 VI Super 41

**Appearances:**

**JOSEPH PONTEEN, ESQ.**
Chief Deputy Attorney General
Virgin Islands Department of Justice
Kingshill, VI 00851
*For Plaintiff People of the Virgin Islands*

**MARTIAL A WEBTER, SR., ESQ.**
Law Offices of Martial A. Webster, Sr., P.C.
Frederiksted, VI 00840
*For Defendant Jerris T. Browne*

**H. HANNIBAL O'BRYAN, ESQ.**
Deputy Chief Territorial Public Defender
Office of the Territorial Public Defender
Kingshill, VI 00850
*For Defendant Gregory Christian*

**PAMELA LYNN COLON, ESQ.**
Law Offices of Pamela Lynn Colon, LLC
Christiansted, VI 00820
*For Defendant Syed Gilani*

## <u>MEMORANDUM OPINION</u>

**MOLLOY,** *Judge.*

¶1     **BEFORE THE COURT** is a motion filed by Defendant Syed Gilani ("Gilani") to revoke the

*People v. Browne / People v. Christian / People v. Gilani*
SX-17-CR-174 / SX-17-CR-175 / SX-17-CR-189
**MEMORANDUM OPINION**
Page 2 of 7

2020 VI Super 41

order dismissing these cases without prejudice or, in the alternative, for reconsideration and dismissal with prejudice. Defendant Jerris T. Browne ("Browne") joined in Gilani's motion. Defendant Gregory Christian ("Christian") did not respond, nor did the People of the Virgin Islands ("the People"). For the reasons stated below, Gilani's motion will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶2 The People charged Browne, Christian, and Gilani with several crimes including embezzlement, obtaining money by false pretenses, and conversion of government property allegedly involving a scheme to defraud the Government of the Virgin Islands out of approximately $2 million in grant funding awarded to the Virgin Islands Bureau of Motor Vehicles ("BMV") to become compliant with the REAL ID Act. Following a delay in which "[n]o fewer than seven different prosecutors appeared during the two-and-a-half years, approximately, that these cases were pending," *In re: McRae*, 2020 VI Super 26, ¶ 2, the People filed a motion on February 10, 2020, to dismiss all charges because the People "will not be able to maintain its burden of proof at trial, at this time." (Pl.'s Mot. to Dismiss Without Prej. 1, filed Feb. 10, 2020.) "However, the People reserve[d] its statutory right to pursue all causes of action . . . in accordance with the provisions of Title 5 of the Virgin Islands Code, Section 3541(a)(1)." *Id.* For that reason, the People moved to dismiss without prejudice. Four days later, on Friday, February 14, 2020, the Court granted the motion and dismissed the charges—the same day that Gilani filed a response in opposition to the People's motion.

¶3 The Order was not entered until the next business day, Tuesday, February 18. 2020. Additionally, because the related civil contempt proceeding was still pending, *see generally In re: McRae*, 2020 VI Super 26, the Court directed the Clerk's Office, notwithstanding the dismissal, to not close these cases until Attorney Quincy G. McRae informed the Court whether he would pay the fine or chose "to develop and implement a formal plan," *id.* at ¶ 24, to ensure "proper notice to the courts when assistant attorneys general withdraw, resign, retire, or are assigned to work on other matters." *Id.* at ¶ 25. Attorney McRae notified the Court through counsel on February 26, 2020, that he consented to the alternative to paying the fine and would submit a plan "outlining the process and procedures for notifying the Superior Court when an Assistant Attorney General of record in a case is substituted by another Assistant Attorney General or is no longer associated with the Virgin

*People v. Browne / People v. Christian/ People v. Gilani*
SX-17-CR-174 / SX-17-CR-175 / SX-17-CR-189
**MEMORANDUM OPINION**
Page 3 of 7

2020 VI Super 41

Islands Department of Justice." (Notice of Consent to Ct.'s Order dated Feb. 14, 2020 at 2, filed Feb. 28, 2020.) On March 9, 2020, the Court acknowledged Attorney McRae's notice and directed the Clerk's Office to assign a miscellaneous civil number so that these cases could be closed. In the interim, Gilani filed his motion on February 19, 2020, to set aside the dismissal. Browne joined Gilani's motion the same day. The People's time to respond passed on March 10, 2020. *See* V.I. R. Crim. P. 1(f); *see also* V.I. R. Civ. P. 6-2(f)(1). Neither the People nor Christian responded.

## II.    DISCUSSION

¶4      Rule 48 of the Virgin Islands Rules of Criminal Procedure provides that the People "may file a dismissal or *nolle prosequi* of an information. Such a dismissal is without prejudice unless otherwise stated. The government may not dismiss the prosecution during trial without the defendant's consent." V.I. R. Crim. P. 48(a). The rule embodies both the common law authority of prosecutors and the separation of the powers of prosecutor and judge. *Cf. In re: Richards*, 42 V.I. 469, 481-82 (3d Cir. 2000) (discussing the "venerable common law doctrine of *nolle prosequi*" which "power resides solely in the prosecutor's hands until the impanelment and swearing of a jury."). "'Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.'" *Phillip v. People*, 58 V.I. 569, 600 (2013) (brackets omitted) (quoting *Richards*, 42 V.I. at 488). It is for this reason that "[t]he trial court should refuse to grant the People's dismissal request only in the 'rarest' of cases, for it is the People who are presumed to be the best judge of where the public interest lies with respect to a criminal prosecution." *Id.*

¶5      Gilani's first argument for vacating the dismissal is because the Court had ruled on the People's motion without "giv[ing] . . . an appropriate period of time to respond . . . ." (Def. Gilani's Mot. to Revoke 1, filed Feb. 19, 2020.) On this point, Gilani may be correct. The Court granted the People's motion four days after it was filed. The Defendants would have had fourteen days to respond.[1] The Order did issue before the time to respond had passed. But Gilani filed his response on February 14th, the same day the Order issued, and before it was entered. So, his argument lacks

---

[1] Assuming Rule 6-2(f)(1) of the Virgin Islands Rules of Civil Procedure applies in criminal cases through Rule 1(e) of the Virgin Islands Rules of Criminal Procedure. The time for filing responses and replies to motions is not specified in the Virgin Islands Rules of Criminal Procedure.

*People v. Browne / People v. Christian/ People v. Gilani*
SX-17-CR-174 / SX-17-CR-175 / SX-17-CR-189
**MEMORANDUM OPINION**
Page 4 of 7

2020 VI Super 41

merit as to him. It might have merit as to Browne insofar as Browne joined Gilani's motion. But Gilani's concern is not really that the Court ruled prematurely. Rather, Gilani's concern is that the Court did not address the points he raised in his opposition. (*See* Def.'s Mot. to Revoke Order 2, filed Feb. 19, 2020 ("Presumably, the Court was not aware of the Opposition as it did not address the same in any of the Orders it has issued closing this case.").) His arguments against dismissal without prejudice concerned the delay and the fact that a second motion to dismiss for speedy trial violation was pending when the People moved to dismiss without prejudice. But Gilani's motion, and the opposition he wants the Court to consider, presume that a defendant in a criminal case has a right to be heard in opposition to a Rule 48(a) motion. And on that point, it is not clear that he is correct.

¶6 Rule 48(a) provides that the People "may file a dismissal . . . . [And s]uch dismissal is without prejudice unless otherwise stated." V.I. R. Crim. P. 48(a). Consent of the defendant is required only when the prosecution moves to dismiss during trial. *See id.* ("The government may not dismiss the prosecution during trial without the defendant's consent."). Leave of court is not required in either scenario. Gilani overlooks that Rule 48(a) of the Virgin Islands Rules of Criminal Procedure differs in one very important respect from Rule 48(a) of the Federal Rules of Criminal Procedure – the phrase "with leave of court" was omitted when the Virgin Islands rule was promulgated. *See In re: Adoption of the V.I. Rules of Crim. P.*, S. Ct. Prom. No. 2017-010, 2017 V.I. Supreme LEXIS 68, *168-69 (V.I. Oct. 16, 2017). *Compare* Fed. R. Crim. P. 48(a) ("The government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent."), *with* V.I. R. Crim. P. 48(a) ("The government may file a dismissal or *nolle prosequi* of an information. Such a dismissal is without prejudice unless otherwise stated. The government may not dismiss the prosecution during trial without the defendant's consent.").

¶7 Before Rule 48(a) was promulgated, the Supreme Court of the Virgin Islands had held that courts could read a limitation into court rules on the Executive Branch's authority to dismiss criminal cases without prejudice "in order to protect the integrity of the judicial system and ensure fairness for the defendant." *Phillip*, 58 V.I. at 598 n.34.[2] Yet, when the Supreme Court promulgated

---

[2] The issue in *Phillip* was whether Federal Rule 48(a) applied through Superior Court Rule 7, or whether the Superior Court's own rules, namely Rule 128(b) or Rule 131, governed to the exclusion of the federal rule. *See generally Phillip*, 58 V.I. at 598 n.34.

Rule 48, the Court borrowed the federal rules but omitted the phrase "with leave of court." "'[T]h[e Virgin Islands Supreme] Court does not abandon its collective knowledge when it exercises its rulemaking authority, and surely it would not knowingly promulgate any rule it regarded as invalid.'" *Mills-Williams v. Mapp*, 67 V.I. 574, 585 n.6 (2017) (brackets and ellipsis omitted) (quoting *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 249-50 (Tex. 1994) [(Hightower, J., dissenting)]). Since the Court "was certainly aware of its prior precedents . . . yet nevertheless chose to adopt a [different] rule," *id.*, it is possible that *Phillip* must yield to Rule 48(a). *Cf. id.*

¶8    Thus, Gilani's remedy may be to appeal, not to seek reconsideration. The February 14, 2020 Order, entered February 18, 2020, was a final order as it dismissed the charges. Although the Court did direct the Clerk's Office to keep these cases open until the civil contempt proceedings were addressed, that would not render the dismissal non-final. Yet, Gilani failed to cite any authority regarding the Superior Court's authority to set aside a dismissal in a criminal case. Courts in other jurisdictions are divided. *Compare Smith v. Super. Ct. of Alameda Cty*, 171 Cal. Rptr. 387, 388 (Ct. App. 1981) ("We conclude that at least where no actual fraud has been perpetrated upon the court, a criminal court has no authority to vacate a dismissal entered deliberately but upon an erroneous factual basis."), *with State v. Brown*, 2014-Ohio-5824, ¶ 72 (Ct. App.) ("Civ. R. 60(B) exists in order for a party to seek relief from final orders due to allegations that cannot be raised on appeal. Civ. R. 57(B) says that the Civil Rules can be used when there is no applicable Criminal Rule. . . . Accordingly, a Civ. R. 60(B) motion to vacate a dismissal order can be filed by the state via Crim. R. 57(B) . . . ."). *See also, e.g., State v. Boyden*, 441 P.3d 737, 745 n.7 (Utah 20019) ("This may be the first time we have considered whether the State can move for relief under rule 60(b) in a criminal matter."). The Virgin Islands Rules of Criminal Procedure do not include a Rule 60(b) equivalent to that found in the Virgin Islands Rules of Civil Procedures. Presumably, like in *Brown*, the Court could apply Rule 60(b) of the Virgin Islands Rules of Civil Procedure through Rule 1(f) of the Virgin Islands Rules of Criminal Procedure. *See* V.I. R. Crim. P. 1(f) ("When procedure is not prescribed by these Virgin Islands Rules of Criminal Procedure, precedent from the Supreme Court of the Virgin Islands, or the Virgin Islands Code, a judge may regulate practice in a criminal proceeding in any manner consistent with law of the Virgin Islands."). But that too is unclear.

*People v. Browne / People v. Christian/ People v. Gilani*
SX-17-CR-174 / SX-17-CR-175 / SX-17-CR-189
**MEMORANDUM OPINION**
Page 6 of 7

2020 VI Super 41

¶9      Nonetheless, even if the Superior Court has the authority to set aside a voluntary dismissal in a criminal case, and even if Rule 48(a) implies a "leave of court" requirement, notwithstanding the rule's plain language, the Court cannot find that this is "the 'rarest' of cases" in which "[t]he trial court should refuse to grant the People's dismissal request . . . ." *Phillip*, 58 V.I. at 600 (quoting *In re: Richards*, 213 F.3d 787, 786 (3d Cir. 2000)). "It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays." *United States v. Taylor*, 487 U.S. 326, 342 (1988). But "[d]ismissal without prejudice is not a toothless sanction." *Id.* The Court is well versed in the history of these cases, including the procedural background and factual allegations. The Court is also aware that approximately three years passed since charges were filed. But this case is complex and "[i]n complex multidefendant cases, speedy trial rights are [often] 'stretched about as far as can be without making a mockery of that constitutional protection.'" *United States v. Mosquera*, 813 F. Supp. 962, 964 (E.D.N.Y. 1993) (quoting *United States v. Gallo*, 668 F. Supp. 736 (E.D.N.Y. 1987)). The Court cannot find such a mockery was made here, nor can the Court find bad faith in seeking a dismissal now, which is "[t]he 'salient issue' . . . ." *Phillip*, 58 V.I. at 600 (quoting *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)).

¶10     "[T]he People . . . are presumed to be the best judge of where the public interest lies with respect to a criminal prosecution." *Id.* And it is entirely possible here, that the People chose to dismiss not "for altogether no reason . . . [or to] gain . . . [a] tactical advantage," *id.* at 601, but rather (as the Defendants themselves repeatedly suggested) because the FBI analysis, which was partly the cause of the delay, was exculpatory. True, this Court's "concern regarding mismanagement in the Attorney General's office which prejudices . . . defendants [and] interferes with the administration of justice," *id.* at 602, resulted in the civil contempt proceedings against Attorney McRae. But that alone does not support a finding of bad faith. Furthermore, the statute of limitations on several of the charges have passed, which means the dismissal (even though it is without prejudice) will effectively be with prejudice as to those charges. The Court cannot find that "'manifest public interest,'" *id.* at 600-01, or the integrity of the judicial system requires countermanding "'the prosecutor's exercise of executive authority,'" *id.* at 600 (citation omitted), and dismissing these cases with prejudice, particularly considering the seriousness of the

*People v. Browne / People v. Christian/ People v. Gilani*
SX-17-CR-174 / SX-17-CR-175 / SX-17-CR-189
**MEMORANDUM OPINION**
Page 7 of 7

2020 VI Super 41

allegations, that corporations with identical (or nearly identical) officers and directors bid on the same contract, that government employees engaged in corruption, and that federal funds were involved.

### III.   CONCLUSION

¶11   Assuming that the Superior Court has authority to set aside a dismissal without prejudice in a criminal case and dismiss with prejudice instead, the Court cannot find that a dismissal with prejudice is warranted here. Accordingly, for the reasons stated above, the Court will deny Gilani's motion to vacate. An appropriate order follows.

**Date:** March 13, 2020

_____
**ROBERT A. MOLLOY**
Judge of the Superior Court

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
       Court Clerk of the Court

Dated: _____3\|13\|2020_____

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,    )   **CASE NO. SX-17-CR-174**
    )   **CASE NO. SX-17-CR-175**
               **Plaintiff,**    )   **CASE NO. SX-17-CR-189**
    )
           **v.**    )
    )
JERRIS T. BROWNE,    )
GREGORY CHRISTIAN, and    )
SYED GILANI,    )
    )
          **Defendants.**    )
    )

## ORDER

**AND NOW**, for the reasons stated in the Memorandum Opinion dated March 13, 2020, it is hereby **ORDERED** that the Motion to Revoke Order Dismissing Case Without Prejudice or in the Alternative, Reconsideration and Dismissal With Prejudice filed by Defendant Syed Gilani on February 19, 2020, and joined by Defendant Jerris T. Browne on February 19, 2020, is **DENIED**.

**DONE AND SO ORDERED.**

**Date:** March 13, 2020

                                                             **ROBERT A. MOLLOY**

**ATTEST:**                                  Judge of the Superior Court
TAMARA CHARLES
Clerk of the Court

By: _____
      Court Clerk Of the Court
Dated: _____3\13\2020_____